UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60340-CR-HUCK

UNITED STATES OF AMERICA,

v.

ARTURO CARLOS MURILLO PRIJIC,

Defendant.
_____/

## THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER THE COURT'S ORDER OF TRANSFER

Defendant Arturo Carlos Murillo Prijic ("Murillo"), a former Bolivian government official, conspired with his former Chief of Staff, Sergio Rodrigo Mendez Mendizabal ("Mendez"), and others to award a Bolivian government contract to Bryan Berkman, Luis Berkman, and Philip Lichtenfeld ("Lichtenfeld"), in return for over $700,000 in cash bribes. Mendez, Bryan Berkman, Luis Berkman, and Lichtenfeld (collectively, the "Cooperating Defendants") have all pled guilty for their roles in the bribery and laundering scheme and are scheduled to be sentenced by the Court on January 18, 2022. Murillo was indicted last week and stands to go to trial that same day, January 18, 2022. (Dkt. No. 45.)

Having one Judge sentence the Cooperating Defendants and oversee Murillo's trial would conserve judicial resources and ensure consistent and just resolutions. It is also the most straightforward application of the Court's Local Rules, Internal Operating Procedures, and relevant case law. Accordingly, the Court's order for transfer (Dkt. No. 43) should be left undisturbed and Defendant Murillo's motion for reconsideration (Dkt. No. 44) should be denied.

**Background**

Murillo and the Cooperating Defendants were arrested on May 21 and 22, 2021, and charged with conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956(h). Complaint, *United States v. Berkman et al.*, 21-06320-MJ-Valle (S.D. Fla. May 20, 2021); Complaint, *United States v. Murillo Prijic*, 21-03013-MJ-Goodman (S.D. Fla. May 24, 2021).

On September 7, 2021, the United States filed Informations against Bryan Berkman and Lichtenfeld charging conspiracy to commit an offense against the United States, namely, a violation of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-2, in violation of 18 U.S.C. § 371. Information, *United States v. Bryan Samuel Berkman*, 21-60255-CR-Huck (S.D. Fla. Sept. 7, 2021); Information, *United States v. Philip Lichtenfeld*, 21-60256-CR-Huck (S.D. Fla. Sept. 7, 2021). That same day, the United States also filed Informations against Luis Berkman and Mendez charging conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h), 1957(a). Information, *United States v. Luis Berkman*, 21-60258-CR-Huck (S.D. Fla. Sept. 7, 2021); Information, *United States v. Sergio Rodrigo Mendez Mendizabal*, 21-60257-CR-Huck (S.D. Fla. Sept. 7, 2021).

On September 9, 2021, as required by United States District Court for the Southern District of Florida Local Rule 3.8 ("Local Rule 3.8"), the United States filed a Notice of Related and Similar Actions (the "First Notice") on the Cooperating Defendants' dockets. *E.g.*, Notice of Related and Similar Actions, *United States v. Luis Berkman*, 21-60258-CR-Huck (S.D. Fla. Sept. 9, 2021). The First Notice asserted that the Cooperating Defendants' cases "involve[d] the exact same subject matter," and requested that *United States v. Lichtenfeld*, then before the Honorable K Michael Moore, and *United States v. Luis Berkman*, then before the Honorable Rodney Smith, both be transferred to the Honorable Paul C. Huck, the Judge assigned "to the lower-numbered

action[.]"[1]  Internal Operating Pro. of the U.S. District Court for the Southern District of Florida 2.15.00 (Rev. Oct. 17, 2017), available at https://www.flsd.uscourts.gov/sites/flsd/files/17-10-17-Internal-Operating-Procedures.pdf ("IOP 2.15.00"); *see also, e.g.*, Notice of Related and Similar Actions, *United States v. Luis Berkman*, 21-60258-CR-Huck (S.D. Fla. Sept. 9, 2021).

The First Notice stated that Murillo, at that time charged only via Criminal Complaint, "participated in the bribery and money laundering scheme" and that were his "case [] charged via indictment or information, it would be related and similar to" the Cooperating Defendants' cases. *E.g.*, Notice of Related and Similar Actions, *United States v. Luis Berkman*, 21-60258-CR-Huck (S.D. Fla. Sept. 9, 2021).

On September 10, 2021, the Honorable K. Michael Moore ordered that *United States v. Lichtenfeld* be transferred to the Honorable Paul C. Huck, who consented to the transfer.  *United States v. Lichtenfeld*, 21-60256-CR-Huck (S.D. Fla. Sept. 10, 2021).

On September 10, 2021, the Honorable Rodney Smith ordered that *United States v. Luis Berkman* be transferred to the Honorable Paul C. Huck, who consented to the transfer.  *United States v. Luis Berkman*, 21-60258-CR-Huck (S.D. Fla. Sept. 13, 2021).

On September 28, 2021, the Cooperating Defendants pled guilty to their respective Informations.  *E.g.*, Plea Agreement, *United States v. Lichtenfeld*, 21-60256-CR-Huck (S.D. Fla. Sept. 28, 2021).  As noted above, they are currently scheduled for sentencing on January 18, 2022, before the Honorable Paul C.  Huck.  *E.g.*, Order of Sentencing Hearing, *United States v. Lichtenfeld*, 21-60256-CR-Huck (S.D. Fla. Nov. 3, 2021).

On December 7, 2021, the United States charged Defendant Murillo via Indictment.  (Dkt.

---

[1] Because *United States* v. *Sergio Rodrigo Mendez Mendizabal* was already assigned to Honorable Paul C. Huck, no transfer was necessary.

No. 37.)  The Indictment is based exclusively on the same bribery and money laundering scheme involving the Cooperating Defendants.  (*Id*.)  The Indictment names each of the Cooperating Defendants as Murillo's alleged co-conspirators and charges, among other offenses, that Murillo conspired with the Cooperating Defendants to violate 18 U.S.C. §§ 1956(a)(2)(A) and 1956(a)(1)(B)(i), in violation of 18 U.S.C. § 1956(h).  (*Id*.)

On December 8, 2021, as required by Local Rule 3.8, the United States filed a Notice of Related and Similar Actions on the instant docket and those of the Cooperating Defendants (the "Second Notice").  (Dkt. No. 42.)  The Second Notice stated that Murillo's prosecution, then before the Honorable Rodolfo A. Ruiz II, stemmed "from the same foreign bribery and money laundering scheme" involving the Cooperating Defendants, and therefore the cases were all related and similar.  (*Id*.)  The Second Notice requested, pursuant to Local Rule 3.8 and IOP 2.15.00, that Murillo's prosecution "be transferred to the Judge assigned to the lower-numbered action[,]" in that instance, Hon. Paul C. Huck.  (*Id*.)

On December 13, 2021, the Honorable Rodolfo A. Ruiz II ordered that the instant case be transferred to the Honorable Paul C. Huck, who consented to the transfer.  (Dkt. No. 43.)  That same day, Murillo filed a motion for reconsideration requesting to transfer his case back to the Honorable Rodolfo A. Ruiz II.  (Dkt. No. 44.)

## Analysis

IOP 2.15.00 holds that when an action "involves subject matter which is a material part of the subject matter of another action" also before the Court, "the Judges involved shall determine whether the higher-numbered action . . . shall be transferred to the Judge assigned to the lower-numbered action."  The procedure seeks to prevent the "unnecessary duplication of judicial labor[.]"  Internal Operating Pro. of the U.S. District Court for the Southern District of Florida

2.15.00 (Rev. Oct. 17, 2017), available at https://www.flsd.uscourts.gov/sites/flsd/files/17-10-17-Internal-Operating-Procedures.pdf.[2]

Local Rule 3.8 enables enforcement of IOP 2.15.00.  The rule requires attorneys of record "in every action [] to bring promptly to the attention of the Court [] the existence of other actions [] as described in [IOP] 2.15.00[.]"  Courts throughout the district consistently hold that judges have broad discretion to transfer "similar" cases to "avoid excess judicial labor."  *S.E.C. v. Regions Bank*, 09-22821-CV-COOKE, 2010 WL 3632769, at *2 (S.D. Fla. Sept. 1, 2010) ("[W]henever an action is filed in the same court, and involves similar subject matter, it is in the discretion of the judges involved to determine whether the newly filed action or proceeding shall be transferred to another judge to avoid excess judicial labor."); *see also United States Commodity Futures Trading Commission v. Mintco LLC*, 15-61960-CV-BLOOM, 2016 WL 3944098, at *7 (S.D. Fla. Feb. 4, 2016) ("The decision to transfer an action to a different U.S. District Court Judge in the Southern District of Florida is wholly discretionary. . . .  Defendants have no standing to dictate which judge should preside over [an] action.") (quotations omitted).

The cases of Murillo and the Cooperating Defendants involve the exact same subject matter: the foreign bribery and money laundering scheme involving Murillo, Mendez, Bryan Berkman, Luis Berkman, Lichtenfeld, and others.  Requiring one Judge to learn the underlying facts for purposes of sentencing the Cooperating Defendants, and another Judge to learn the same

---

[2] The section states, in full:

> Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the higher-numbered action or proceeding shall be transferred to the Judge assigned to the lower-numbered action. (See IOP 2.06.00 Transfer of Higher-Numbered Cases).

facts for purposes of Murillo's trial and possible sentence, would unnecessarily waste judicial resources.

Furthermore, should the Cooperating Defendants testify at Murillo's trial, and seek cooperation credit based on that testimony, their sentencing Judge would have to learn the extent and importance of the cooperation provided, requiring two Judges to learn the very same subject matter.

Lastly, should Murillo be convicted and sentenced, his sentencing Judge would have to understand the particulars of the sentences handed down to the Cooperating Defendants, including possibly reviewing their Presentence Investigation Reports. Again, requiring two Judges to conduct this work would waste judicial resources.

In his motion for reconsideration, Murillo does not contest that his prosecution overlaps factually with those of the Cooperating Defendants. Nor does he argue that it would be more efficient to have two separate Judges oversee the cases. Instead, he argues that his case should remain before the Honorable Rodolfo A. Ruiz II because "[t]here are no co-defendants pending trial" nor are there any "joint pre-trial issues[.]" (Dkt. No. 44.) However, neither Local Rule 3.8 nor IOP 2.15.00 requires "co-defendants pending trial" or common "pre-trial issues." Instead, the critical issue is overlapping "subject matter."[3]

Murillo also argues that the Cooperating Defendants' cases "were previously transferred because they were pending trial and had clear joint-issues for the Court's determination and involved common evidentiary matters." This is incorrect. The Honorable K. Michael Moore

---

[3] Murillo also claims that "there is no substantial basis upon which to circumvent the blind-filing procedures of the [Court] that have been in place for numerous decades." (Dkt. No. 44.) It is unclear how complying with Local Rule 3.8 and IOP 2.15.00 "circumvent[s]" the rules of the Court. Furthermore, the Hon. Paul C. Huck came to preside over the "lowest numbered [related and similar] case" pursuant to Court's "blind-filing procedures."

ordered that *United States v. Lichtenfeld* be transferred after citing to Local Rule 3.8 and IOP 2.15.00 and finding that the two actions "stem[] from the same alleged foreign bribery and money laundering scheme[.]"  Order of Transfer, *United States. v. Phlip Lichtenfeld*, 21-60256-CR-Huck (S.D. Fla. Sept. 10, 2021).  The Hon. Rodney Smith cited to Local Rule 3.8 and IOP 2.15.00 and a "review of the record" and transferred the case.  Order of Transfer, *United States v. Luis Berkman*, 21-60258-CR-HUCK (S.D. Fla. Sept. 13, 2021).  Neither of the orders cited the cases' procedural posture or "evidentiary matters."

**Conclusion**

For the reasons set forth above, Murillo's motion for reconsideration should be denied.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

By: Eli S. Rubin
Assistant United States Attorney
Court ID No. A5503535
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9247
Email: Eli.Rubin@usdoj.gov

By: Jil Simon
Peter Cooch
Trial Attorneys
Gerald M. Moody, Jr.
Assistant Chief
1400 New York Avenue NW
Washington, DC 20005
(202) 616-4988
Email: Jill.Simon@usdoj.gov
Email: Gerald.Moody@usdoj.gov
Email:  Peter.Cooch@usdoj.gov

## **CERTIFICATE OF SERVICE**

   **I HEREBY CERTIFY** that on December 16, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

                                        Eli S. Rubin