UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO. 21-CR-60340-PCH-1

    Plaintiff,

vs.

ARTURO CARLOS MURILLO PRIJIC,

    Defendant.
_____/

### DEFENDANT, ARTURO CARLOS MURILLO PRIJIC'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

**COMES NOW** the Defendant, **ARTURO CARLOS MURILLO PRIJIC**, by and through his undersigned counsel, and presents herewith, his Objections to the Presentence Investigation Report ("PSI") [D.E. 95], and states as follows:

1. **Objection to Paragraph 88: "Offense Level Computation- Base Offense Level"**

The Defendant objects to paragraph 88 of the PSI insofar as it states that, "Because the offense involved more than one bribe, the offense level is increased by 2 levels, §2C1.1(b)(1)."

First, it should be noted that paragraph 10(i) of the Plea Agreement provides: "(i) Base Offense Level: The offense level for the underlying offense shall be increased by 16 levels pursuant to U.S.S.G. §§ 2Cl.l(b)(2), 2Bl.l(b)(l)(I) because the benefit received or to be received in return for the payment was more than $1.5 million and less than $3.5 million; and, (a) The offense level for the underlying offense shall be increased by 4 levels pursuant to U.S.S.G. § 2Cl.l(b)(3) because the offense involved a public official in a high-level decision-making or sensitive position."

It is submitted that inasmuch as the parties did not contemplate nor agree that the Base Offense Level should be increased for an offense involving more than one bribe, this Honorable

Court should not impose that additional two (2) level enhancement and should give force and effect to the understanding and agreement of the parties at the time they entered into the agreement.

Furthermore, it is reasonable to interpret the offense conduct as being comprised of a singular scheme to receive one bribe made up of segments. In support of this conclusion, it should be noted that the bribe was given by one person for one company for the same type of contract for the performance of the same acts. Nothing changed!

The Application Note for subsection (b)(1) states that "[r]elated payments that, in essence, constitute a single incident of bribery or extortion . . . are to be treated as single bribe or extortion, even if charged in separate counts." U.S.S.G. § 2C1.1 cmt. n. 2. Here, there were related payments constituting a single incident of bribery. All of the bribe payments were related and intended to further the co-conspirators' singular scheme.

Therefore, the Defendant respectfully requests this Honorable Court to sustain this objection and determine that the Base Offense Level is 34, rather than 36.

2. **Objection to Paragraph 93: "Adjusted Offense Level"**

The Defendant objects to Paragraph 93 of the PSI with regard to the assertion that the *adjusted offense level* should be 37.

Specifically, when two (2) levels for an offense involving more than one bribe pursuant to §2C1.1(b)(1) is removed, the result would be an *adjusted offense level* of 35, rather than 37.

3. **Objection to Paragraph 97: "Total Offense Level"**

The Defendant objects to Paragraph 97 of the PSI with regard to the assertion that the *total offense level* should be 34.

Specifically, when two (2) levels for an offense involving more than one bribe pursuant to §2C1.1(b)(1) is removed, and a three (3) level decrease for acceptance of responsibility is applied, the result would be a *total offense level* of 32, rather than 34.

4. **Objection to Paragraph 137: "Sent. Options - Guideline Provisions"**

The Defendant objects to Paragraph 137 of the PSI inasmuch as it reads, "Based upon a total offense level of 34 and a criminal history category of I, the guideline imprisonment range is 151 to 188 months. However, the statutorily authorized maximum sentence of 10 years is less than the minimum of the applicable guideline range; therefore, the guideline term of imprisonment is 120 months, §5G1.1(a)."

The Defendant affirmatively asserts that when two (2) levels for an offense involving more than one bribe pursuant to §2C1.1(b)(1) is removed, and a three (3) level decrease for acceptance of responsibility is applied, the result would be a *total offense level* of 32. Therefore, the appropriate advisory guidelines sentence range should read as follows: Based on a total offense level of 32 and a criminal history category of I, the *advisory guideline imprisonment range* is **121 to 151 months** before the application of any applicable downward departures and/or variances that this Honorable Court may deem appropriate.

The within Objections to the Presentence Investigation Report are filed in the utmost of good faith and in the interest of justice.

**WHEREFORE**, the Defendant, **ARTURO CARLOS MURILLO PRIJIC**, respectfully prays that this Honorable Court sustain the within Objections to the Presentence Investigation Report and direct the United States Probation Office to amend the Presentence Investigation Report as requested herein.

Respectfully submitted,

ANA M. DAVIDE
(Florida Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305)854-6100
Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Defendant,
*Arturo Carlos Murillo Prijic.*)

*/s/ Ana M. Davide*
Ana M. Davide, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of December, 2022. I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ANA M. DAVIDE
(Florida Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305)854-6100
Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Defendant,
*Arturo Carlos Murillo Prijic.*)

*/s/ Ana M. Davide*
Ana M. Davide, Esq.