UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60340-CR-HUCK

UNITED STATES OF AMERICA

v.

ARTURO CARLOS MURILLO PRIJIC,

                              **Defendant.**

_____/

## THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT

Defendant Arturo Carlos Murillo Prijic, while the Bolivian Minister of Government, conspired with his Chief of Staff and three others to personally receive over $500,000 in bribes in connection with the Tear Gas Contract. He received payments in bundles of U.S. currency in Cochabamba, Bolivia, and Doral, Florida, and personally paid his Chief of Staff an additional bribe of approximately $150,000. His conspiracy profited in the amount of approximately $2 million and bribed, in total, four government officials. Plans were made to bribe a fifth official. When questioned by law enforcement, the Defendant lied, stating that he did not receive any proceeds and had nothing to do with the Tear Gas Contract.

The Defendant pled guilty to Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) and is scheduled to be sentenced January 4, 2023. (Dkt. Nos. 92, 94.) He recently filed a sole objection to the Presentence Investigation Report ("PSR"). (Dkt. No. 99.) That objection should be overruled.[1]

---

[1] The United States will respond to the Defendant's separate filing, *see* Dkt. No. 101 (SEALED), at the sentencing hearing.

I. Section 2C1.1(b)(1) Applies to the Defendant's Offense Conduct

United States Sentencing Guidelines § 2C1.1(b)(1) (the "Enhancement") raises a defendant's offense level by two levels "[if] the offense involved more than one bribe[.]" Application Note 2 carves out a narrow exception: multiple "payments that, in essence, constitute a single incident of bribery [] (e.g., a number of installment payments for a single action) are to be treated as a single bribe[.]"

The Defendant objects to the application of the Enhancement to his Base Offense Level, the same enhancement that applied to his four co-conspirators.[2] Without citing any case law, the Defendant argues that because the numerous bribes were made in furtherance of a single government contract, they therefore "constitute a single incident of bribery." (Dkt. No. 99, p. 2.). He adds that the bribe payments were "given by one person for one company for the same type of contract for the performance of the same acts. Nothing changed!" (*Id*.) His argument belies the facts and conflicts with clear case law.

A. The Defendant's Conspiracy Bribed Multiple Officials for Numerous Actions

As the PSR lays out, the Defendant's conspiracy successfully bribed four separate Bolivian government officials and planned to bribe a fifth. Those officials, along with the payors of their bribes, the total amounts received, and the relevant portions of the PSR, are:

| No. | Official | Payors | Amount | PSR ¶ |
|---|---|---|---|---|
| 1. | Arturo Carlos Murillo Prijic<br><br>Ministry of Government | Luis Berkman<br>Bryan Berkman<br>Philip Lichtenfeld<br>Sergio Rodrigo Mendez Mendizabal | $532,000 | 48-68 |
| 2. | Sergio Rodrigo Mendez Mendizabal<br><br>Ministry of Government | Luis Berkman<br>Bryan Berkman<br>Philip Lichtenfeld<br>Arturo Carlos Murillo Prijic | $280,000 | 48-63 |

---

[2] As set out in the PSRs for each of the Defendant's co-conspirators, the Enhancement applied and was not objected to. (*See, e.g.*, 21-60257-CR-PCH, Dkt. No. 77.)

1

| No. | Official | Payors | Amount | PSR ¶ |
|---|---|---|---|---|
| 3. | Bolivian Official 1

Ministry of Defense | Luis Berkman
Philip Lichtenfeld | $20,000 | 30, 69 |
| 4. | Bolivian Official 2

Ministry of Defense | Luis Berkman
Philip Lichtenfeld | $225,000 | 31, 68 |
| 5. | Bolivian Official 3

Ministry of Government | Luis Berkman
Philip Lichtenfeld | $15,000 | 32, 69 |

The Defendant's conspiracy paid and agreed to pay so many government officials, in part, because the Tear Gas Contract involved the approval and support of two separate government ministries: the Ministry of Government was to use the non-lethal weaponry, while the Ministry of Defense purchased it. (PSR ¶¶ 21, 30-32.) Further, Bolivia attempted to execute payment on the contract three separate times, first by issuing a line-of-credit, next by executing a wire transfer that was ultimately rescinded, and finally by issuing two separate wire transfers. (*Id.* ¶¶ 37-47.)

Throughout the conspiracy, which lasted from approximately October 2019 through June 2020, the bribe recipients took the following critical actions, among others, to execute the Tear Gas Contract and distribute the contract's proceeds:

- Precluded suppliers that had worked with the previous government administration from bidding on the Tear Gas Contract (PSR ¶ 34);
- Formally requested a contract proposal from Intermediary Company 1 (*id.*);
- Awarded the contract to Intermediary Company 1 (*id.* ¶¶33-35);
- Approved of the contract and specifically the use of a foreign firm (*id.*, *e.g.*, ¶ 31);
- Sent, via text message, a copy of the executed contract (*id.* ¶ 35);
- Assisted, on numerous occasions, with paying Intermediary Company 1 the contract proceeds, including by meeting with members of the Bolivian Ministry of Economy (*id.*, *e.g.*, ¶¶ 43-44);
- Updated Sergio Mendez Mendizabal, Luis Berkman, and Bryan Berkman about the status of the contract from within the Ministry of Defense (*id.*, *e.g.*, ¶ 30);
- Updated Bryan Berkman about the status of the contract from within the Ministry of Government (*id.*, *e.g.*, ¶ 32); and,
- Personally delivered bribe proceeds to the Defendant (*id.*, *e.g.*, ¶ 62).

B. *Federal Courts Consistently Apply § 2C1.1(b)(2) When There Are Multiple Bribes for More Than One Action or More Than One Bribe Recipient*

Though the Eleventh Circuit has not addressed what constitutes multiple bribes for the Enhancement to apply, federal appellate courts generally focus on "whether the payments were made to influence a single action." *United States v. Soumano*, 318 F.3d 135, 138 (2nd Cir. 2003). Several courts have held that the Enhancement applies even if the payments were part of a single conspiracy or even a single contract—as long as the focus was more than one action. *United States v. Arshad*, 239 F.3d 276, 280 (2nd Cir.), *cert. denied*, 533 U.S. 910, 121 S.Ct. 2259, 150 L.Ed.2d 244 (2001) (affirming application of the Enhancement because the defendant's multiple payments, made in connection with a single contract, were paid to "elicit different actions"); *United States v. Kahlon*, 38 F.3d 467, 470 (9th Cir. 1994) ("Although the payments were part of a larger conspiracy, they were not installment payments for a single action."). Even payments eliciting the same action to be performed on different occasions can be grounds for the Enhancement. *United States v. Weaver*, 175 F. App'x 506, 510 (3rd Cir. 2006) ("[T]here is nothing in § 2C1.1 requiring us to find that separate payments prompting an official to perform the same action on three different occasions cannot constitute multiple bribes."). And perhaps most relevant here, the government has identified no support for the Defendant's argument that payments to *multiple* government officials somehow constitutes a single instance of bribery. *See United States v. Ring*, 811 F. Supp. 2d 359, 374-75 (D.D.C. 2011) (holding that a scheme "involving *multiple* public officials" is "altogether different from 'a number of installment payments for a single action'") (emphasis in original).[3]

---

[3] The United State Probation Office focused on the fact that multiple government officials were bribed in rejecting the Defendant's objection: "[T]he defendant and Mendez Mendizabal are responsible for causing approximately $2,300,000 in corrupt proceeds, of which the defendant personally received at least $532,000 and Mendez Mendizabal personally received at least

3

As shown above, the Defendant's conspiracy bribed a cadre of government officials to perform numerous acts over an approximate nine-month period to award, execute, and complete payment on the Tear Gas Contract.  The actions performed differed in substance, were performed at varying levels of the Bolivian government within different ministries, and were executed by different Bolivian government officials.  The undisputed facts and the relevant case law counsel that the Enhancement applies to this offense conduct.  The defendant, in his objection, puts forward no legal support to rule otherwise.  Accordingly, this Court should overrule his objection.[4]

---

$280,000.  The defendant and Mendez Mendizabal are accountable for multiple bribes . . . ." (Dkt. No. 102-1.)

[4] The Defendant raises a second argument for the inapplicability of the Enhancement: because the Defendant's plea agreement did not explicitly reference the Enhancement, "the parties did not contemplate nor agree" that it should apply and the Court "should give force and effect to the understanding and agreement of the parties[.]"  (Dkt. No. 99, p. 1-2.)  The Defendant's plea agreement, however, explicitly stated that the United States "reserve[ed] the right to argue regarding the application or non-application of other Sentencing Guideline provisions not addressed" in the plea agreement.  (Dkt. No. 86, ¶ 10.)

## **CONCLUSION**

For the reasons set forth above, the government agrees with United States Probation Office, opposes the Defendant's objection, and respectfully recommends that the Defendant's objection be overruled and that United States Sentencing Guidelines § 2C1.1(b)(1) apply to the Defendant's Base Offense Level.

DATED:  January 2, 2023

Respectfully submitted,

| | |
|---|---|
| JUAN ANTONIO GONZALEZ<br>UNITED STATES ATTORNEY | GLENN S. LEON<br>CHIEF, FRAUD SECTION<br>CRIMINAL DIVISION<br>U.S. DEPARTMENT OF JUSTICE |
| By:   /s/ Eli S. Rubin<br>Eli S. Rubin<br>Assistant United States Attorney<br>Court ID No. A5503535<br>99 N.E. 4th Street<br>Miami, Florida 33132<br>(305) 961-9247<br>Email: Eli.Rubin@usdoj.gov | By:   /s/ Jil Simon<br>Jil Simon<br>Trial Attorney<br>1400 New York Avenue NW<br>Washington, DC 20005<br>(202) 616-4988<br>Email: Jill.Simon@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I certify that on January 2, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF, causing a copy to be served on counsel of record.

                                                      /s/ Eli S. Rubin
                                                      Eli S. Rubin